

# Service of Process Transmittal
01/13/2021
CT Log Number 538886723

| | |
|---|---|
| **TO:** | Kim Lundy Service Of Process<br>Walmart Inc.<br>702 SW 8TH ST<br>BENTONVILLE, AR 72716-6209 |
| **RE:** | **Process Served in Texas** |
| **FOR:** | Wal-Mart Stores Texas, LLC  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Batiste Toni, Pltf. vs. Walmart-Mart Stores Texas LLC, Dft. |
| **DOCUMENT(S) SERVED:** | Citation, Return, Original Petition |
| **COURT/AGENCY:** | 400th Judicial District Court, Fort Bend County, TX<br>Case # 21DCV279766 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - 03/11/2019 - 11210 W. Airport Blvd., Safford, Texas 77477 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/13/2021 at 15:09 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days after service |
| **ATTORNEY(S) / SENDER(S):** | Hellieth J. Pedroza Guzman<br>DASPIT LAW FIRM<br>440 Louisiana St., Suite 1400<br>Houston, TX 77002<br>713-322-4878 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/14/2021, Expected Purge Date: 01/19/2021<br><br>Image SOP<br><br>Email Notification,  Kim Lundy Service Of Process  ctlawsuits@walmartlegal.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

EXHIBIT A



# PROCESS SERVER DELIVERY DETAILS

**Date:** Wed, Jan 13, 2021

**Server Name:** Anthony Collins

| Entity Served | Wal-Mart Stores Texas LLC |
|---|---|
| Agent Name | |
| Case Number | 21-DCV-279766 |
| Jurisdiction | TX |



ON TIME PROCESS
1-800-274-5604
1-13-2021 Ame

**SERVICE FEE NOT COLLECTED BY DISTRICT CLERK**

**THE STATE OF TEXAS**

**CITATION**

TO:  WAL-MART STORES TEXAS, LLC.
CT CORPORATION SYSTEM
1999 BRYAN ST STE 900
DALLAS TX  75201

**NOTICE:**

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION** filed on **January 07, 2021,** a default judgment may be taken against you.

The case is presently pending before the **400TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **21-DCV-279766** and is styled:

**TONI BATISTE VS WAL-MART STORES TEXAS, LLC.**

The name and address of the attorney for **PLAINTIFF** is:

**HELLIETH J. PEDRAZA GUZMAN
DASPIT LAW FIRM
440 LOUISIANA ST SUITE 1400
HOUSTON TX  77002
713-322-4878**

The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 7th day of January, 2021.**

DISTRICT CLERK BEVERLEY MCGREW WALKER
FORT BEND COUNTY, TEXAS
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street, Room 101
Richmond, Texas 77469

By: _____
Deputy District Clerk SALENA M JASSO
Telephone: (281) 341-3787

**SERVICE**

21-DCV-279766                                    400th Judicial District Court
Toni Batiste vs Wal-Mart Stores Texas, LLC.

## OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20__, at ____ o'clock ___M.

Executed at _____, within the County of _____

_____, at ____o'clock ___M. on the _____ day of _____

_____, 20__, by delivering to the within named _____

_____, in person, a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

Total fee for serving _ citation at $80.00 each  $_____

_____
Name of Officer or Authorized Person

_____County, Texas

By:_____
Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____,
                            (First, Middle, Last)

my date of birth is_____, and my address is _____
                                                                              (Street, City, Zip)

_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____

day of _____.

_____
Declarant / Authorized Process Server

_____
(Id # & expiration of certification)

**SERVICE**

Citation issued to Wal-Mart Stores Texas, LLC. on 1/7/2021.

Filed
1/7/2021 12:45 PM
Beverley McGrew Walker
District Clerk
Fort Bend County, Texas
Shelby Taylor

CAUSE NO. 21-DCV-279766 _____

| | | |
|---|---|---|
| TONI BATISTE | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | FORT BEND COUNTY, TEXAS |
| | § | |
| WAL-MART STORES TEXAS, LLC. | § | |
| | § | Fort Bend County - 400th Judicial District Court |
| *Defendant* | § | ____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Toni Batiste complains of Defendant Wal-Mart Stores Texas, LLC., and would respectfully show the Court that:

### Discovery Control Plan

1. Plaintiff intends to conduct discovery in this matter under Level 3 of the Texas Rules of Civil Procedure.

### Jurisdiction and Venue

2. The claims asserted arise under the common law of Texas. This Court has jurisdiction and venue is proper because all or a substantial part of the events or omissions giving rise to the claim occurred in Fort Bend County, Texas.

### Statement Regarding Monetary Relief Sought

3. Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief of no more than $100,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees and judgment for all other relief to which Plaintiff is justly entitled. Plaintiff further pleads that the amount in controversy in this matter does not exceed $75,000.00. Plaintiff expressly reserves the right to amend this Rule 47 statement of relief if necessary.

1

## Parties

4. Plaintiff is an individual residing in Harris County, Texas.

5. Defendant Wal-Mart Stores Texas, LLC ("Wal-Mart") is a Delaware corporation engaged in business in Fort Bend County, Texas. Defendant Wal-Mart may be served with process through its registered agent, CT Corporation System at 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

## Facts

6. This lawsuit is necessary as a result of personal injuries that Plaintiff received on or about March 11, 2019. At that time, Plaintiff was an invitee at Defendant's store located at 11210 W. Airport Blvd., Safford, Texas 77477. Plaintiff was injured by tripping over a box that was left in the store aisle. Plaintiff suffered serious injuries to her neck, back, left shoulder, left leg, left knee, and left hand as a result of the box left in the aisle.

7. At the time of the incident in question, Plaintiff was an invitee of Defendant. Defendant knew or should have known of the unreasonably dangerous condition and neither corrected nor warned Plaintiff of it. Plaintiff did not have any knowledge of the dangerous condition and could not have reasonably been expected to discover it. Defendant either created the condition and/or failed to correct the condition or to warn Plaintiff about the dangerous condition, which constituted negligence, and such negligence was a proximate cause of the occurrence in question and Plaintiff's resulting injuries.

8. Plaintiff would show that, based on the above-described facts, Defendant was negligent. Defendant, as occupier and owner of the premises, with control over the premises, had a duty to inform Plaintiff of the dangerous condition and make safe all areas on Defendant's premises.

9. Defendant is liable to Plaintiff under the theory of premises liability and negligence based on the following negligent conduct:

    a)    Failure to inspect the premises, including the subject store aisle, where the dangerous condition existed;

    b)    Failure to inform Plaintiff of the dangerous condition existing on the premises;

    c)    Failure to correct the condition by taking reasonable measures to safeguard persons, such as Plaintiff, who entered the premises;

    d)    Failure to maintain the entire premises in a reasonably safe condition and free of hazards to Plaintiff and other invitees in the store aisle;

    e)    Failure to take reasonable measures to protect Plaintiff and other invitees from foreseeable risk of harm; and

    f)    Other acts deemed negligent.

10. Each of the foregoing negligent acts and/or omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages that are described below.

11. Defendant was also negligent in that it failed to act as reasonably prudent premise owner would act in the same or similar situation.

## Damages

12. As a result of these acts or omissions, Plaintiff sustained damages recognizable by law.

13. By virtue of the actions and conduct of the Defendant set forth above, Plaintiff was seriously injured and is entitled to recover the following damages:

    a)    Past and future medical expenses;

    b)    Past and future pain, suffering, and mental anguish;

    c)    Past and future physical impairment;

    d)    Past and future physical disfigurement; and

    e)    Past lost wages and future loss of earning capacity.

14. By reason of the above, Plaintiff is entitled to recover damages from the Defendant in an amount within the jurisdictional limits of this Court, as well as pre and post-judgment interest.

### Request for Disclosures

15. Pursuant to Rule 194, Tex. R. Civ. P., Plaintiff requests that Defendant disclose, within fifty (50) days of this request, the information or materials described in Texas Rule of Civil Procedure 194.2(a)-(l).

### Other Discovery

16. Plaintiff refers you to the attached Interrogatories, Request for Production, and Request for Admissions and notifies you that a response is required within fifty (50) days of service of these requests.

### Rule 193.7 Notice

17. Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against Defendant at any pre-trial proceeding and/or at trial of this matter without the necessity of authenticating the documents.

### Prayer

Plaintiff prays that this citation issue and be served upon Defendant in a form and manner prescribed by law, requiring that Defendant appear and answer, and that upon final hearing, Plaintiff has judgment against Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other and further relief, to which she may be justly entitled.

Respectfully submitted,

**DASPIT LAW FIRM**
*/s/ Hellieth J. Pedroza Guzman*
Hellieth J. Pedroza Guzman
Texas State Bar No.24107891
440 Louisiana St., Suite 1400
Houston, Texas 77002
Telephone: (713) 322-4878
Facsimile:  (713) 587-9086
Email: E-service@daspitlaw.com

**ATTORNEY FOR PLAINTIFF**

5